UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN LABORERS HEALTH FUND, WISCONSIN LABORERS PENSION FUND, WISCONSIN LABORERS APPRENTICE AND TRAINING FUND, BUILDING AND PUBLIC WORKS LABORERS VACATION FUND, and JOHN J. SCHMITT, <br><br> Plaintiffs, <br><br> v. <br><br> DIONNE CONSTRUCTION & TRAFFIC CO., LTD., <br> Defendant. | Case No. 11-CV-711-JPS <br><br><br><br> ORDER |

The plaintiffs initially filed this action on July 27, 2011. (Docket #1). In their Complaint, they alleged that the defendant violated the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. §§ 1132 and 1145, by refusing to make timely and prompt contributions to the plaintiff funds. (Docket #1, at ¶¶ 18–20). After the defendant failed to answer the plaintiffs' Complaint, the plaintiffs requested that the Clerk of Court enter a default against the defendant. (Docket #5, #6, #7, #8). The Clerk of Court did so, and thereafter this Court entered orders demanding that the defendant submit to an audit. (Docket #12, #13). The plaintiffs then began to conduct that audit, and eventually the Court held Walter Ward, authorized agent for the defendant, in contempt for his failure to cooperate with that audit. (Docket #23). Thereafter, three more months passed, and the Court directed that the plaintiffs expediently wrap up the case. (Docket #29). Thus, on April 10, 2013, the plaintiffs filed their a motion for entry of default judgment, requesting total recovery of $29,627.30, comprised of:

> $15,063.59 in unpaid contributions, interest, and liquidated damages owed to Wisconsin Laborers Health Fund;
>
> $9,687.96 in unpaid contributions and interest owed to Wisconsin Laborers Pension Fund;
>
> $452.88 in unpaid contributions, interest, and liquidated damages owed to Wisconsin Laborers Apprentice and Training Fund;
>
> $4,269.00 in attorney fees; and
>
> $153.87 in costs of prosecution.

(Docket #35, #36).

Under Fed. R. Civ. P. 55, the court may enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend. The decision to enter default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citation omitted). As a general rule, a "default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff[s] as to each cause of action alleged in the complaint." *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). Upon entry of default, the court takes all well-pleaded allegations in plaintiffs' complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

In determining whether a default judgment is warranted, the court may consider a variety of factors, including the amount of money involved, whether the default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* ¶ 2685 (3d ed. 1998). Here, while the amount of the judgment may be somewhat large, the grounds for the default – the defendant's failure to file an answer or other responsive pleading – are clearly established. Default was properly entered by the Clerk

of Court. Furthermore, there is no indication that the default was caused by a good faith mistake or excusable neglect. Additionally, the court concludes that the plaintiffs' allegations, detailed above and deemed true as a result of the default, establish that the defendant has violated ERISA. *See, e.g.,* 29 U.S.C. §§ 1132 and 1145. Thus, the circumstances warrant the entry of default judgment in favor of the plaintiffs.

However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004)). Instead, the court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *Id.* Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)).

That is the case here. The plaintiffs have submitted both documentary evidence and detailed affidavits to establish the claimed unpaid contributions, interest, liquidated damages, attorney fees, and prosecution cost amounts. (*See, e.g.*, Docket #36, and Exs. D, E, and F). Thus, the Court having determined "that defendants [are] liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry of default, and that the plaintiffs' claimed amounts for unpaid contributions, interest, and liquidated damages are reasonably certain and well-supported, the Court will now grant the plaintiffs' requested default judgment and award the plaintiffs their requested amounts for those items. *Breuer Electric Mfg. Co.*, 687 F.2d at 186.

Moreover, because 29 U.S.C. § 1132(g)(2) of ERISA and the parties' collective bargaining agreements provide that the defendant shall pay reasonable attorney fees and costs, the Court will also grant the plaintiffs' requested amounts for those items.

Finally, the Court will also order that the plaintiffs' October 11, 2012, motion for an order to show cause (Docket #16) be discharged as having been addressed by the Court's November 20, 2012, show cause hearing and subsequent entry of an arrest warrant for the defendant's agent. (Docket #21, #23).

Accordingly,

IT IS ORDERED that the plaintiffs' motion for default judgment (Docket #35) be and the same is hereby GRANTED; the defendant shall pay to the plaintiffs the total sum of $29,627.30, together with interest at the rate allowed by law, the total sum being comprised of $15,063.59 in unpaid contributions, interest, and liquidated damages owed to Wisconsin Laborers Health Fund; $9,687.96 in unpaid contributions and interest owed to Wisconsin Laborers Pension Fund; $452.88 in unpaid contributions, interest, and liquidated damages owed to Wisconsin Laborers Apprentice & Training Fund; $4,269.00 in attorney fees; and $153.87 in prosecution costs; and

IT IS FURTHER ORDERED that the plaintiffs' motion for an order to show cause (Docket #16) be and the same is hereby DISCHARGED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge